IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry Northcross Patterson,            )<br>                                       )<br>            Plaintiff,             )<br>                                       )<br>      vs.                              )<br>                                       )<br>Dora Schriro, et al.,                  )<br>                                       )<br>            Defendants.         )<br>_____)  | No. CV-05-1159-PHX-PGR (VAM)<br><br>ORDER and OPINION |

    On October 4, 2005, Magistrate Judge Mathis issued an Order and Report and Recommendation (doc. #8) wherein she in part struck the plaintiff's First Amended Complaint (doc. #7) from the record and recommended that this case be dismissed without prejudice due to the plaintiff's failure to comply with the Court's initial screening order (doc. # 5).   On October 13, 2005, the plaintiff, who is *pro se,* filed a Motion to Deny the Order and Report and Recommendation and to Request a Response to Plaintiff's Amended Complaint (doc. #9).  The Court construes the plaintiff's document as both an appeal from the order striking his amended complaint and as an objection to the recommendation that this case be dismissed.  As a result of its *de novo* review of the record, the Court finds that the amended complaint should not have been stricken and that this action should not be dismissed.

    The Court initially notes that an error was made in the docketing of this case at the time it was commenced in that the Clerk's Office inadvertently failed to notice

that the plaintiff's original complaint contained an addendum page 2A listing additional defendants. As a result, the docket listed only Dora Schriro, K. McConnell, Chaplain Broderich [sic-Broderick], and Chaplain Mason as defendants in the original complaint, and failed to list Mrs. Wilber[1], CO Moore, Lt. Johnson, Capt. Carroll, J. Arnold, and CO Adachi as named defendants.

In its original screening order, entered pursuant to 28 U.S.C. § 1915A(a), the Court dismissed without prejudice all of Counts I, II, III, V, VI, and VII of the original complaint and dismissed all of Count IV with the exception of that portion dealing with the alleged third retaliatory transfer; the Court ordered service of the remaining portion of Count IV on defendants McConnell and Wilkes [sic-Wilber]. On May 26, 2005, the plaintiff filed a First Amended Complaint wherein he realleged all of the claims of the original complaint with the exception of Counts VI and VII.

The Magistrate Judge determined that the First Amended Complaint should be stricken, and that this action should proceed on the original complaint, on the ground that the plaintiff was simply trying to avoid the results of the Court's screening order by reasserting claims in the amended complaint that the Court found legally insufficient when it screened the original complaint. The Court cannot agree. The plaintiff had the right pursuant to Fed.R.Civ.P. 15(a) to file an amended complaint as a matter of course since no responsive pleadings have yet been filed in this action, and had the right to do so notwithstanding that the Court had already dismissed some of the claims and defendants from the original complaint without prejudice. Furthermore, while the First Amended Complaint does reallege the same claims that the Court dismissed without prejudice in its screening order, with the exception of Counts VI and VII of the original complaint, a close reading of the First Amended Complaint reveals that the plaintiff sufficiently rewrote certain of the allegations in those claims such that some of the

---

[1] Mrs. Wilber has been to date mistakenly referred to as defendant "Wilkes" by the Court in its docket and in its previous orders due to a misinterpretation of the plaintiff's handwriting in his original complaint.

- 2 -

1 deficiencies noted in the Court's original screening order have been corrected.  Because
2 the Court cannot conclude that the First Amended Complaint, liberally read, fails in its
3 entirety to state any cognizable claim, the Court will order the Clerk of the Court to
4 reinstate the First Amended Complaint.[2]  The original complaint is therefore
5 superseded, and any causes of action alleged in the original complaint and all
6 defendants named in the original complaint, not included in the amended complaint are
7 not longer part of this action.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).
8     The Magistrate Judge recommended that this action be dismissed because the
9 plaintiff failed to return the service packet within twenty days of its receipt, as required
10 by the Court's original screening order.  The plaintiff has objected to the Report and
11 Recommendation on the grounds that he did not return a completed service packet
12 because he only received one copy of the USM service form from the Clerk of the Court
13 whereas the Court had ordered two defendants to be served[3], and because he was
14 waiting for a response from the Court regarding his First Amended Complaint.  In light of
15 the five factors that the Court must weigh before dismissing an action pursuant to
16 Fed.R.Civ.P. 41(b) as a sanction for failing to obey a court order, *see* Malone v. United
17 States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987), *cert. denied*, 488 U.S. 819
18 (1988), the Court concludes that a dismissal is not now warranted, particularly in light of

---

[2] The First Amended Complaint, as the Court construes the plaintiff's handwriting, names as defendants Dora Schriro (identified as ADOC Director), K.J. McConnell (identified as deputy warden, South Unit at Florence Complex), Chaplain Broderick (identifed as being at Eyeman, Rynning), Chaplain Mason (identified as being at South Unit), Mrs. Wilber (identified as being head of canteen kitchen staff at South Unit), CO Moore (identified as being a corrections officer at South Unit), Lt. Johnson (identified as being an officer on staff at South Unit), CO III Curran (identified as being the grievance coordinator at South Unit), and Capt. Soulvie (identified as being an officer at Florence Complex).

[3] The Court notes that the record copy of the Clerk's service packet transmittal letter, dated May 12, 2005, states that the plaintiff was sent two copies of the Marshal's Process Receipt & Return form, two copies of the Notice of Lawsuit & Request for Waiver of Service of Summons form, four copies of the Waiver of Service of Summons form, two copies of the Summons form, two copies of the Court's screening order, and two copies of the plaintiff's original complaint.

1   the fact that the Court is reinstating the First Amended Complaint.[4]

2   In its original screening order, the Court dismissed without prejudice Counts I-III,
3   the plaintiff's religious diet-related claims, for failure to state a First Amendment and/or
4   Equal Protection Clause claim because the Court concluded that the allegations related
5   to those counts, taken together, facially revealed that the plaintiff lacked a sincerely held
6   belief that he must adhere to a kosher diet.  See Malik v. Brown, 16 F.3d 330, 333 (9th
7   Cir. 1994) (Court noted that a religious claim must be sincerely held and be rooted in
8   religious belief, not in purely secular philosophical concerns, in order to merit protection
9   under the First Amendment.); see also, DeHart v. Horn, 227 F.3d 47, 52 (3d Cir. 2000)
10  ("[I]f a prisoner's request for a particular diet is *not* the result of sincerely-held religious
11  beliefs, the First Amendment imposes no obligation on the prison to honor the request[.]
12  ,,, It is in this way that prisons are protected from random requests for special diets by
13  inmates whose alleged dietary restrictions are not the result of their religious convictions
14  but rather their secular predilections.") (Emphasis in original; footnote omitted).

15  Having reviewed the revised allegations in Counts I-III of the First Amended
16  Complaint[5], the Court concludes that it would no longer be appropriate for it to

---

[4] The Court wishes to make clear to the plaintiff that he should have immediately notified the Court if he did not receive all of the necessary service documents, and that it was his responsibility to seek an extension of time to comply with the Court's service order if he could not timely comply with it for some reason.

[5] The plaintiff alleges in Count I of the amended complaint that notwithstanding that he is a Messianic Jew who applied for a kosher diet under ADOC regulations, he is receiving only kosher dinners and non-kosher breakfasts and lunches over his objections because defendants Broderick and Mason have said that only Orthodox Jewish inmates can receive three kosher meals a day.
    The plaintiff alleges in Count II of the amended complaint that he is being subjected to religious discrimination and unequal protection because special meals are given for such holidays as the Fourth of July, Thanksgiving, and Christmas and Cinco de Mayo to all inmates except those on kosher diets notwithstanding that most if not all of the foods served in the special meals can be served kosher.  The claim does not identify any defendant as being the cause of the alleged discrimination.
    The plaintiff alleges in Count III of the amended complaint that defendant Moore interfered with his right to practice his religion when she gave him a major disciplinary ticket for putting non-kosher spaghetti on his kosher tray, which the plaintiff states he did because the

1  determine as a matter of law through a § 1915A screening order that the plaintiff does
2  not sincerely believe that he must follow a kosher diet as a Messianic Jew.  While the
3  Court will thus not dismiss Counts I and III at this time, the Court will dismiss Count II
4  without prejudice because the alleged constitutional violation raised therein is not linked
5  to any named defendant.  In order to state a constitutional claim, the plaintiff must allege
6  that he suffered specific injury as a result of the specific conduct of a defendant, and
7  show an affirmative link between the injury and the conduct of the defendant.  Rizzo v.
8  Goode, 423 U.S. 362, 371-72, 377, 96 S.Ct. 598 (1976).

9  In its original screening order, the Court also dismissed without prejudice those
10 portions of Count IV dealing with the first alleged retaliatory transfer, because it was
11 time-barred on its face, and the second alleged retaliatory transfer, because it did not
12 involve any named defendants; the Court permitted service on defendants McConnell
13 and Wilkes [sic-Wilber] regarding the third alleged retaliatory transfer.  The plaintiff, in
14 re-raising all three alleged retaliatory transfers in his amended Count IV in the First
15 Amended Complaint, stated that the allegations concerning the first alleged retaliatory
16 transfer are meant as history only, and he included Curran and Soulvie, the prison
17 officials allegedly responsible for the second retaliatory transfer, as named defendants
18 in the amended complaint; the plaintiff also reiterated the allegations as to defendants
19 McConnell and Wilber regarding the alleged third retaliatory transfer.   Based on those
20 changes, the Court concludes that Count IV of the amended complaint (consisting of the
21 alleged second and third retaliatory transfers) should be not be dismissed at this time.

22 The Court further dismissed Count V of the original complaint without prejudice in
23 its screening order because the plaintiff, to the extent he was attempting to do so, had

---

spaghetti was otherwise going to be thrown out and he has a moral and spiritual belief that food should not be wasted.  He further alleges that the major disciplinary ticket was not based on any violation of the ADOC rules but on Moore's desire to define the plaintiff's religious practices, that the major disciplinary ticket was elemental in him being transferred to a maximum security unit, and it was given at a time when ADOC officials were providing him with non-kosher breakfasts and lunches over his objections.

- 5 -

1  no standing to assert a claim on behalf of family members as a result of him not being
2  allowed to complete a family-related bereavement telephone call, and because the
3  plaintiff did not state a retaliation claim on his own behalf since he had no
4  constitutionally-protected right under the First Amendment to make the bereavement
5  call.  While the plaintiff has somewhat revised this claim in Count V in the First
6  Amended Complaint, he has still failed to state a claim because a prisoner has no First
7  Amendment right to make telephone calls to family members if other methods of familial
8  communication are available. *See* Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir.
9  2002), *cert. denied*, 538 U.S. 1047 (2003).
10    The plaintiff is advised that he should take notice that if he fails to timely comply
11  with every provision of this Order, or any order entered in this matter, this action may be
12  dismissed pursuant to Fed.R.Civ.P. 41(b).  *See* Ferdik, 963 F.2d at 1260-61 (District
13  court may dismiss action for failure to comply with any order of the Court).
14    Therefore,
15    IT IS ORDERED that the plaintiff's Motion to Deny the Order and Report and
16  Recommendation (doc. #9) is granted to the extent that the portion of Magistrate
17  Judge's order (doc. #8) striking the plaintiff's First Amended Complaint is vacated and
18  that the Magistrate Judge's Report and Recommendation (doc. #8) is rejected.
19    IT IS FURTHER ORDERED that Counts II and V of the First Amended Complaint
20  (doc. #7) are dismissed without prejudice for failure to state a claim.
21    IT IS FURTHER ORDERED that defendants Broderick and Mason shall be
22  required to answer Count I of the First Amended Complaint, that defendant Moore shall
23  be required to answer Count III of the First Amended Complaint, that defendants Curran
24  and Soulvie shall be required to answer Part B of Count IV of the First Amended
25  Complaint (pertaining to the alleged second retaliatory transfer), and that defendants
26  McConnell and Wilber shall be required to answer Part C of Count IV of the First
27  Amended Complaint (pertaining to the alleged third retaliatory transfer).  All other
28  defendants named in the First Amended Complaint are dismissed.

1      IT IS FURTHER ORDERED that the Clerk of the Court shall send the plaintiff a
2  service packet including the First Amended Complaint (doc. #7), this Order, and both
3  summons and request for waiver forms for defendants Broderick, Mason, Moore,
4  Curran, Soulvie, McConnell, and Wilber.
5      IT IS FURTHER ORDERED that the plaintiff shall complete and return the
6  service packet to the Clerk of the Court no later than twenty (20) days of the filing of this
7  Order.  The United States Marshal will not provide service of process if the plaintiff fails
8  to comply with this Order.
9      IT IS FURTHER ORDERED that if the plaintiff does not either obtain a waiver of
10 service of the summons or complete service of the Summons and First Amended
11 Complaint on the defendants within 120 days of the filing of the First Amended
12 Complaint or within 60 days of the filing of this Order, whichever is later, the action may
13 be dismissed pursuant to Fed.R.Civ.P. 4(m) as to each defendant not timely served.
14     IT IS FURTHER ORDERED that the United States Marshal shall retain the
15 Summons, a copy of the First Amended Complaint, and a copy of this Order for future
16 use.
17     IT IS FURTHER ORDERED that the United States Marshal shall notify the
18 defendants of the commencement of this action and request waiver of service of the
19 summons pursuant to Fed.R.Civ.P. 4(d).  The notice to the defendants shall include a
20 copy of this Order.  The Marshal shall file waivers of service of the summons or
21 requests for waivers that were returned as undeliverable as soon as they are received.
22 If a waiver of service of summons is not returned by a defendant within thirty days from
23 the date the request for waiver was sent by the Marshal, the Marshal shall:
24         (a)  Personally serve copies of the Summons, First Amended Complaint,
25     and this Order upon the defendant pursuant to Fed.R.Civ.P. 4(e)(2);
26         (b)  Within 10 days after personal service is effected, file the return of
27     service for the defendant, along with evidence of the attempt to secure a waiver
28     of service of the summons and of the costs subsequently incurred in effecting

- 7 -

service upon the defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Fed.R.Civ.P. 4(d)(2) and (5), unless otherwise ordered by the Court;

IT IS FURTHER ORDERED **that any defendant who agrees to waive service of the Summons and First Amended Complaint shall return the signed waiver forms to the United States Marshal, not to the plaintiff.**

IT IS FURTHER ORDERED that each served defendant shall answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Fed.R.Civ.P. Rule 12(a).

IT IS FURTHER ORDERED that any answer or responsive pleading shall state the specific defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific defendant by name on whose behalf it is filed.

IT IS FURTHER ORDERED that the plaintiff shall serve upon the defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. The plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to the defendants or their counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

IT IS FURTHER ORDERED that at all times during the pendency of this action, the plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF

1 | CHANGE OF ADDRESS." The notice shall contain only information pertaining to the
2 | change of address and its effective date. The plaintiff shall serve a copy of the notice
3 | on all opposing parties. The notice shall not include any motions for any other relief.
4 | Failure to file a Notice of Change of Address may result in the dismissal of the action for
5 | failure to prosecute pursuant to Fed.R.Civ.P. Rule 41(b).
6 |     IT IS FURTHER ORDERED that a clear, legible copy of every pleading or other
7 | document filed shall accompany each original pleading or other document filed with the
8 | Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.
9 | Failure to comply with this requirement may result in the pleading or document being
10 | stricken without further notice to the plaintiff.
11 |     IT IS FURTHER ORDERED that this matter is referred to Magistrate Judge
12 | Virginia A. Mathis for further proceedings.
13 |     DATED this 19th day of December, 2005.

_____
Paul G. Rosenblatt
United States District Judge

- 9 -