| | |
|---|---|
| **WO** | JDN |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Barry Northcross Patterson, | ) | No. CV 05-1159-PHX-RCB (MHB) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Dora Schriro, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Barry Northcross Patterson brought this civil rights action under 42 U.S.C. § 1983 against multiple Arizona Department of Corrections (ADC) officials (Doc. 7). The remaining Defendants are ADC Chaplains Broderick and Mason. Before the Court is Plaintiff's motion for injunctive relief (Doc. 87).

The Court will deny Plaintiff's motion.

**I.   Background**

In his First Amended Complaint, Plaintiff set forth five counts for relief (Doc. 7). Upon screening, the Court dismissed Counts II and V for failure to state a claim (Doc. 10). Count IV was dismissed for failure to exhaust, and summary judgment was granted on Counts I and III (Doc. 71). Plaintiff appealed the Summary Judgment Order (Doc. 74), and the Ninth Circuit remanded as to the claim in Count I (Doc. 81).

In Count I, Plaintiff alleged that Broderick and Mason violated Plaintiff's First Amendment right of free exercise of religion when they denied Plaintiff kosher breakfasts

and lunches even though he is a Messianic Jew eligible for a kosher diet under ADC regulations (Doc. 7 at 4). His request for relief included claims for compensatory and punitive damages (id. at 7).[1]

## II. Plaintiff's Motion for Injunctive Relief

On April 7, 2010, Plaintiff filed a Motion Requesting Order (Doc. 87). He refers to Defendants' prior representation that the religious-diet policy Plaintiff challenges has been discontinued, and he requests an Order (1) enjoining the ADC from discontinuing the 3-meal-a-day kosher diet that Plaintiff currently receives, (2) directing Defendants to pay Plaintiff's costs, (3) directing Defendants to pay damages, and (4) "moot[ing] this action as complete" (id.).

In response, Defendants assert that Plaintiff already receives a complete kosher diet; therefore, his request for injunctive relief is moot (Doc. 89). They also note that the ADC, which Plaintiff seeks to enjoin, is not a party to the action and is not subject to the Court's jurisdiction (id. at 1). Defendants further assert that there is no legal authority for Defendants to pay Plaintiff's costs and damages and that Plaintiff would not be entitled to such costs and damages unless and until he prevails on his claim (id. at 2).

Plaintiff did not file a reply memorandum.

## III. Preliminary Injunction

### A. Legal Standard

A preliminary injunction is an "extraordinary remedy" that may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Def. Council, Inc., 129 S. Ct. 365, 374, 376 (2008); American Trucking Ass'ns, Inc. v. City of

---

[1]The Court has granted Plaintiff leave to file an amended pleading by September 13, 2010 (Doc. 104).

- 2 -

Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

In addition, the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in Winter. Alliance for the Wild Rockies v. Cottrell, --- F. 3d ----, 2010 WL 2926463, at *4 (9th Cir. Jul. 28, 2010). Under that test, a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." Id. (citation omitted). This approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another. "For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." Id. The plaintiff must still satisfy the other elements of the Winter test. Id.

**B.     Analysis**

As stated, to obtain a preliminary injunction, Plaintiff must show that he is likely to suffer irreparable harm absent an injunction. Winter, 129 S. Ct. at 374. To meet the "irreparable harm" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). This requires Plaintiff to demonstrate by specific facts that there is a credible threat of immediate and irreparable harm. See Fed. R. Civ. P. 65(b).

Plaintiff's one-page motion for injunctive relief does not set forth any facts indicating that he is subject to a threat of irreparable harm. He does not explain why an order to maintain his kosher diet is necessary nor does he present any facts showing that his current kosher diet is likely to be discontinued or changed in the future.

Plaintiff wholly fails to address the other elements in the preliminary-injunction analysis. As Defendants note, Plaintiff is not entitled to an award of damages or costs unless he prevails on his claims. And with respect to his request to moot the action, the Court recently granted Plaintiff's subsequent request to amend his pleading, which indicates his

desire to proceed with this litigation (see Doc. 104).

For the above reasons, the Court will deny Plaintiff's Motion Requesting Order.

**IT IS ORDERED that** the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion Requesting Order (Doc. 87) and the Motion is **denied**.

DATED this 31st day of August, 2010.

_____
Robert C. Broomfield
Senior United States District Judge