**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry Northcross Patterson, | No. CV 05-1159-PHX-RCB (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Barry Northcross Patterson brought this civil rights action under 42 U.S.C. § 1983 against Arizona Department of Corrections (ADC) Chaplains Broderick and Mason (Doc. 106). Before the Court are Plaintiff's two motions requesting injunctive relief (Docs. 99, 103).

The Court will deny both motions.

**I.  Background**

Plaintiff's claims arose during his confinement at the Arizona State Prison Complex-Eyman, in Florence, Arizona (Doc. 106). In his Second Amended Complaint, Plaintiff alleged that Broderick and Mason violated his First Amendment right of free exercise of religion and his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.* (id. at 3-3A). Plaintiff claimed that Defendants denied him kosher meals even though he is a Messianic Jew eligible for a kosher diet under ADC regulations (id.).

## II.     Plaintiff's Motions

On July 18, 2010, Plaintiff filed his Request for an Injunction (Doc. 99). In this motion, Plaintiff states that between February 8 and March 2, 2010, he filed eight grievances at the Central Arizona Correctional Facility (CACF), where he is currently housed (id. at 1; see Doc. 83). Plaintiff alleges that the CACF staff refused to process his grievances (Doc. 99 at 1). He asserts that on March 24, 2010, he submitted Director-level appeals on each of these grievances; however, they were all returned in his mailbox two days later with no explanation (id.). Plaintiff further alleges that in July 2010, after Plaintiff informed Correctional Officer Burke that he was going to file a grievance about her interference with his attempt to notarize legal documents, Burke placed Plaintiff in lockdown for a week (id. at 1-2). Plaintiff states that he should not be required to exhaust grievances when he is subjected to this type of abuse (id.). For relief, Plaintiff requests that the Court take "action now" and make a declaratory finding that the grievance system is broken (id.).

In their response, Defendants construe Plaintiff's motion as a request for the Court to enjoin CACF staff to process his eight grievances (Doc. 101). Defendants argue that Plaintiff's motion is unrelated to the claims in this action and it does not concern conduct related to Defendants (id. at 1-2). They further argue that Plaintiff makes conclusory statements and provides no evidence to support his claims; thus, he cannot satisfy the factors for a preliminary injunction (id. at 2). Defendants note that the ADC grievance policy, which is used at CACF, includes provisions that address "unprocessed" grievances and, without more from Plaintiff, these provisions should address his concerns (id. at 3). Defendants conclude that Plaintiff's motion is frivolous and should be denied (id.).

In lieu of a reply memorandum, Plaintiff filed a second motion entitled "Motion to Separate Plaintiff's Recent Request for an Injunction (Doc. 99) From this Case & Accept as a Stand-Alone Request for an Injunction" (Doc. 103). The assertions in this motion are not entirely clear; Plaintiff states that he has limited legal knowledge, and that he sent the previous request "tied to this case for reasons that appear to be simply wrong" (id. at 1). He asks that the Court accept his request for injunctive relief in whatever manner possible to be

1  legal (id.).

2  **III.  Preliminary Injunction**

3    **A.  Legal Standard**

4    A preliminary injunction is an "extraordinary remedy" that may be granted only where
5  the movant shows that "he is likely to succeed on the merits, that he is likely to suffer
6  irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
7  favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council,
8  Inc., 129 S. Ct. 365, 374, 376 (2008); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559
9  F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the
10 test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

11   A court may not issue an injunction against individuals who are not parties to a suit
12 pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110
13 (1969). Further, a party seeking preliminary injunctive relief "must necessarily establish a
14 relationship between the injury claimed in the party's motion and the conduct asserted in the
15 complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (Eighth Amendment
16 claim cannot provide basis for preliminary injunction against alleged acts in retaliation for
17 filing claim); see also Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997).

18   **B.  Analysis**

19   As argued by Defendants, Plaintiff's request for injunctive relief against CACF
20 staff—who are not defendants—appears unrelated to the claims at issue in this action. See
21 Devose, 42 F.3d at 471. The only claims to be litigated are those alleging First Amendment
22 and RLUIPA violations (see Doc. 109 at 2). Plaintiff does not indicate whether the eight
23 grievances that CACF staff refused to process pertained to religious issues. Regardless,
24 Plaintiff's Second Amended Complaint was just recently docketed and there is no pending
25 exhaustion argument (see Doc. 106).

26   Plaintiff does not clearly articulate the specific relief he seeks. Moreover, he wholly
27 fails to address any of the preliminary-injunction factors in either of his two motions. To the
28 extent that Plaintiff seeks a declaration from the Court that the CACF grievance system is

1  inadequate, such a request for relief is too broad to properly incorporate into a preliminary
2  injunction, which must be "narrowly drawn [and] extend no further than necessary to correct
3  the harm the court finds requires preliminary relief . . . ." 18 U.S.C. § 3626(a)(2). Finally,
4  a motion for a preliminary injunction is not the proper avenue for adding a claim or for
5  bringing a new action, if that is the relief Plaintiff seeks in his second "Motion to Separate"
6  his injunction request from this case (see Doc. 103).
7        For these reasons, the Court will deny Plaintiff's request for an injunction and his
8  motion to separate that request from the case.
9  **IT IS ORDERED:**
10        (1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Request for
11  an Injunction (Doc. 99) and Motion to Separate Plaintiff's Recent Request for an Injunction
12  From this Case (Doc. 103).
13        (2) Plaintiff's Request for an Injunction (Doc. 99) and Motion to Separate Plaintiff's
14  Recent Request for an Injunction From this Case (Doc. 103) are both **denied**.
15        DATED this 13th day of October, 2010.

                      Robert C. Broomfield
                      Senior United States District Judge

26  Copies to counsel and plaintiff, *pro se*

- 4 -