1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry Northcross Patterson,<br><br>  Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, *et* al.,<br><br>  Defendants. | CIV-05-1159-PHX-RCB (MHB)<br><br>**O R D E R** |

    The court assumes familiarity with the fairly protracted history of this litigation, including the Ninth Circuit's decision in <u>Patterson v. Ryan</u>, 338 Fed.Appx. 727, 729 (9th Cir. 2009) (Doc. 81-2). A few aspects of <u>Ryan</u> bear repeating as they directly relate to issues now before the court. The first is that in <u>Ryan</u> the Ninth Circuit affirmed this court's grant of summary judgment insofar as it "determined that [plaintiff] Patterson failed to exhaust his prison grievance procedures with respect to his claims against defendants Wilber, Curran, and Soulvie." <u>Id.</u> at 278 (citation omitted). The Ninth Circuit also found that this court "properly granted summary judgment with respect to Patterson's claims of retaliation[.]" <u>Id.</u> (citation omitted). At the same time, however, the Ninth Circuit vacated this court's grant of summary judgment as to Patterson's First Amendment free exercise claims because this court "did not have the benefit" of a "recent" Ninth Circuit decision. <u>Id.</u>

    In vacating that claim, the Ninth Circuit "remanded so that [this] . . . court can develop the factual record in light of the <u>Turner</u> factors as to the impact of the accommodation and

the availability of ready alternatives." Id. at 728 - 729 (citations omitted). On remand, the Ninth Circuit further directed this court to "consider whether the refusal to provide [plaintiff] Patterson with kosher meals violated the Religious Land Use and Institutionalized Persons Act [("RLUIPA")], 42 U.S.C. § 2000cc *et seq.*" Id. at 729.

In accordance with that order, on August 2, 2010, the Honorable Michelle H. Burns, United States Magistrate Judge ("the Magistrate Judge"), granted plaintiff *pro se* 30 days to file an amended complaint to assert a claim under the RLUIPA against Defendants Broderick and Mason, based on the facts alleged in his First Amended Complaint ("FAC"). On August 10, 2010, plaintiff moved to amend his complaint (Doc. 102).

On August 16, 2010, the Court granted plaintiff's motion stating, "Plaintiff's 'motion to amend complaint' seeking leave to assert a RLUIPA claim (Doc. 102) is **GRANTED**. Plaintiff shall file his amended complaint no later than September 13, 2010." Doc. 104 at 1:20-22. Then, on September 14, 2010, plaintiff filed his Second Amended Complaint ("SAC") (Doc. 106), and "Application to Proceed In Forma Pauperis" (Doc. 107).[1]

Shortly thereafter, on September 20, 2010, defendants moved for clarification of the Magistrate Judge's prior orders, *i.e.*, Docs. 100 and 104. In seeking clarification, defendants pointed out that the SAC "appears to have included amendments far in excess of what the Ninth Circuit's Remand Order contemplated." Doc. 108 at 2:4-5. As defendants read the SAC, plaintiff merely "attempted to rephrase his prior FAC to present substantially the same four Counts in the same order." Id. at 2:6-7. Defendants also faulted plaintiff for "purport[ing] to include RLUIPA claims within Counts II, III, and IV[,]" despite the fact that "the predecessors to th[o]se Counts ha[d] all been adjudicated against [him] and the Remand Order did not allow for him to amend" those counts. Id. at 2:10-13. Pursuant to Fed. R. Civ. P. 12(f), defendants thus sought to have the court strike those counts as "redundant and

---

[1] Although plaintiff's SAC originally exceeded the scope of the Ninth Circuit's Mandate and the court's order granting him leave to amend, in her order granting defendants' "Motion for Clarification" the Magistrate Judge stated: "[O]nly Count I of Plaintiff['s] [SAC], which asserts First Amendment and RLUIPA claims against Defendants Broderick and Mason, remains to be litigated. The remaining claims and Defendants are stricken from Plaintiff's [SAC]." Doc. 109 at 3:3-5.

- 2 -

1 immaterial[.]" Id. at 2:13.

2 Agreeing with defendants, the Magistrate Judge found "that only Count I, which
3 asserts First Amendment and RLUIPA claims against Defendants Broderick and Mason,
4 remains to be litigated." Doc. 109 at 2:19-21. The Magistrate Judge, therefore, required
5 those defendants "to answer or otherwise respond to Plaintiff's [SAC] no later than 14 days
6 from the date the Screening Order is filed." Id. at 2:22-24.

7 Plaintiff timely filed what he titles a "Motion for Judge Robert C. Broomfield to
8 Reconsider Order from Magistrate Judge M.H. Burns of Sept. 29th, 2010." Obj. (Doc. 110).
9 However, because it is clear from the face of that document that plaintiff is objecting to the
10 Magistrate Judge's clarification order, as opposed to moving for reconsideration thereof, the
11 court is treating this motion as an objection in accordance with Fed. R. Civ. P. 72(a). That
12 Rule authorizes, within 14 days after being served with a copy of a magistrate judge's order
13 pertaining to a non-dispositive matter, a party "may serve and file objections to th[at] order."
14 Fed. R. Civ. P. 72(a).

15 In contrast to subpart (b)(2) of Rule 72, subpart (a) does not specifically allow for a
16 party, such as defendants herein, who have prevailed before a magistrate judge, to respond
17 to any objections filed by the opposing party. Ordinarily, consistent with the Advisory
18 Committee Note to Rule 72(a),[2] this court would allow defendants to file a response to what
19 the court has deemed to be plaintiff's objections to the Magistrate Judge's clarification order.
20 As will quickly become evident, however, the court finds no merit to plaintiff's objections.
21 Consequently, there is no prejudice to defendants from this court resolving plaintiff's
22 objections without a response.

23 . . .

---

[2] That Note states in relevant part "that [i]t is also contemplated that a party who is successful before the magistrate [judge] will be afforded an opportunity to respond to objections raised to the magistrate[] [judge's] ruling.'" Charles M. Brewer, Ltd. Restated Pension Plan v. CBIZ, Inc., 2010 WL 2367210, at *1 (D.Ariz. June 10, 2010) (quoting 90 F.R.D. 451, 495 (1981)).

- 3 -

### *I. Clarification Order*

#### *A. Standard of Review*

This court "must consider timely objections and modify or set aside any part of the [Magistrate Judge's non-dispositive] order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). "The clearly erroneous standard, which applies to a magistrate judge's findings of fact, is 'significantly deferential, requiring a definite and firm conviction that a mistake has been committed.'" Crispin v. Christian Audigier, Inc., 2010 WL 2293238, at *3 (C.D.Cal. May 26, 2010) (quoting Concrete Pipe & Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 623, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993)) (other citations and internal quotation marks omitted). "By contrast, "the contrary to law standard . . . permits independent review of purely legal determinations by the magistrate judge." Id. (citations and internal quotation marks omitted). With these standards in mind, the court will consider plaintiff's objection to the clarification order.

#### *B. Objections*

Plaintiff objects to the Magistrate Judge's order limiting his SAC to count I, as discussed above. There are two bases for plaintiff's objection. First, he asserts that because "RLUIPA and the Turner factors apply to each of [his] original [four] counts, it *would seem* that the Court has ordered that he has the right to" amend his complaint as to all four counts. Obj. (Doc. 110) at 1 (emphasis added). Plaintiff's reading of Ryan and the Magistrate Judge's prior order reflects a fundamental misunderstanding of what claims he is allowed to pursue in light of those earlier rulings. The Ninth Circuit clearly delineated the scope of the issues on remand, as also discussed above. Allowing plaintiff's SAC to stand as filed, *i.e.*, allowing him to pursue claims which have already been adjudicated against him, would be in excess of the Ninth Circuit's remand order as this court construes it.

Plaintiff "understands" that the "rules of court relative to amended complaints allow any & all portions" of a complaint "to be amended unless the courts have denied those portions with prejudice." Obj. (Doc. 110) at 1. Although unstated, evidently it is plaintiff's contention that because neither the district court's prior summary judgment order or the Ninth

- 4 -

Circuit's decision in Ryan explicitly state that the relief granted was "with prejudice[,]" he should be allowed to amend his complaint beyond the scope of the remand order. See id.

There is a presumption that where a dismissal order is silent as to the effect of a dismissal's effect, that dismissal is without prejudice. See Romoland School Dist. v. Inland Empire Energy, 548 F.3d 738, 750 (9th Cir. 2008). That presumption "derives solely from the presumption in Federal Rule of Civil Procedure 41(a)(2) that '[u]nless the order states otherwise, a dismissal under this paragraph . . . is without prejudice.'" Id.

In the present case, the prior court rulings were not voluntary dismissals under that Rule. Plaintiff, therefore, cannot avail himself of that presumption. Consequently, the court finds no merit to plaintiff's objection that the Magistrate Judge erred in limiting the scope of his SAC because the prior orders did not explicitly state that the granted relief was with prejudice. Thus, the court affirms that order.

Next, the court will proceed to conduct its statutorily mandated screening of the SAC, which after the clarification order alleges only one count.

## *II.     Statutory Screening of Prisoner Complaints*

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

### *III. Second Amended Complaint*

In his amended complaint, Plaintiff names Defendants Broderick and Mason, and asserts a violation of his First Amendment rights and a claim under the RLUIPA. Plaintiff alleges that notwithstanding the fact that he is a Messianic Jew who applied for a kosher diet under ADOC regulations, he is receiving only kosher dinners and non-kosher breakfasts and lunches over his objections because Defendants Broderick and Mason have stated that only Orthodox Jewish inmates can receive three kosher meals a day. Plaintiff seeks injunctive relief and money damages.

Liberally construed, these allegations adequately state a violation of Plaintiff's First Amendment rights and a claim under the RLUIPA. The Court will require Defendants Broderick and Mason to answer the Second Amended Complaint.

### *IV.     Warnings*

#### *A.     Release*

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

#### *B.     Address Changes*

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other

- 6 -

relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### *C.     Copies*

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. See Fed.R.Civ.P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. See Fed.R.Civ.P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### *D.     Possible Dismissal*

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff's objections (Doc. 110) are without merit; and accordingly the Magistrate Judge's clarification order is affirmed; and

**IT IS FURTHER ORDERED** that Defendants Broderick and Mason must answer the Second Amended Complaint within 14 days from the date this Order is filed.

DATED this 13th day of October, 2010.

_____
Robert C. Broomfield
Senior United States District Judge

copies to counsel and plaintiff, *pro se*

- 7 -