**WO**

1

2

3

4

5

6

7          **IN THE UNITED STATES DISTRICT COURT**

8          **FOR THE DISTRICT OF ARIZONA**

9

10

11

12   Barry Northcross Patterson,          )   No. CV 05-1159-PHX-PGR (MHB)
                                          )
13                      Plaintiff,        )   **ORDER**
                                          )
14   vs.                                  )
                                          )
15   Charles L. Ryan, et al.,             )
                                          )
16                      Defendants.       )
     _____)
17

18          Plaintiff Barry Northcross Patterson brought this civil rights action under 42 U.S.C.

19   § 1983 against Arizona Department of Corrections (ADC) Chaplains Broderick and Mason

20   (Doc. 106).  Before the Court are Defendants' Motion to Dismiss (Doc. 90) and Plaintiff's

21   Motion for Deferment (Doc. 95).

22          The Court will deny both motions as moot.

23   **I.     Background**

24          In his First Amended Complaint, Plaintiff set forth five claims for relief (Doc. 7).

25   Upon screening, the Court dismissed two counts for failure to state a claim (Doc. 10).  The

26   remaining counts were dismissed on Defendants' motions to dismiss and for summary

27   judgment (Doc. 71).

28          Plaintiff appealed the dismissal of his claims (Doc. 74).  On November 11, 2009, the

1  United States Court of Appeals for the Ninth Circuit issued its Mandate affirming in part,

2  vacating in part, and remanding the matter to the district court (Doc. 81).  The Court vacated

3  the grant of summary judgment on Plaintiff's free exercise claim in Count I against Broderick

4  and Mason on the ground that the district court did not have the benefit of the Ninth Circuit

5  decision in Shakur v. Shriro, 514 F.3d 878, 885-88 (9th Cir. 2008) (id. at 2-3).  In that Count,

6  Plaintiff alleged that Broderick and Mason violated Plaintiff's First Amendment right of free

7  exercise of religion when they denied Plaintiff kosher breakfasts and lunches even though

8  he is a Messianic Jew eligible for a kosher diet under ADC regulations (Doc. 7 at 4).  Upon

9  the Ninth Circuit's Mandate, the case was remanded as to this claim so that the Court could

10  examine the factual record in light of the Turner factors addressing the impact of the

11  accommodations and availability of ready alternatives (Doc. 81 at 3, citing Turner v. Safley,

12  482 U.S. 78, 89-91 (1987) and Shakur, 514 F.3d at 885-88).  The Ninth Circuit also directed

13  the district court to consider whether Plaintiff's allegations in Count I set forth a claim under

14  the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. 2000cc *et*

15  *seq*. (Doc. 81).

16  On April 21, 2010, Defendants filed their Motion to Dismiss RLUIPA and Injunction

17  Claims (Doc. 90).  Plaintiff opposed the motion (Doc. 92).  Plaintiff filed a separate Motion

18  for Deferment requesting a stay of the action on the ground that the United States Supreme

19  Court had recently granted a writ of certiorari in Sossamon v. Texas, 560 F.3d 316 (5th Cir.

20  2009), to address the question raised in Defendants' Motion to Dismiss; namely, whether an

21  individual can sue a defendant in his official capacity for damages under RLUIPA (Doc. 95).[1]

22  See 130 S. Ct. 3319 (May 24, 2010).

23  Thereafter, Plaintiff moved for leave to amend his pleading to assert a RLUIPA claim

24  (Doc. 102).  The Court granted Plaintiff's motion for leave to amend (Doc. 104), and on

25

26

27

28  [1]Defendants stated that they did not specifically object to a stay in the case until the Supreme Court rules in Sossamon (Doc. 96).

1   September 14, 2010, Plaintiff's Second Amended Complaint was docketed (Doc. 106).[2]

2   **II.   Pending Motions**

3        An amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963

4   F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co., Inc.</u>, 896 F.2d

5   1542, 1546 (9th Cir. 1990).  After amendment, the original pleading is treated as nonexistent.

6   <u>Ferdik</u>, 963 F.2d at 1262.

7        Defendants' Motion to Dismiss was submitted before filing of the Second Amended

8   Complaint.  And Defendants' motion seeks to dismiss Plaintiff's First Amended Complaint,

9   which is no longer operative.  In response to Defendants' inquiry about the status of their

10  Motion to Dismiss (<u>see</u> Doc. 108), the Court will not consider the motion submitted for

11  decision; rather, the motion is moot and will be denied without prejudice.

12       If Defendants decide to move for dismissal of Plaintiff's Second Amended Complaint

13  for any defense listed under Federal Rule of Civil Procedure 12(b), any such motion must be

14  filed before a responsive pleading. Fed. R. Civ. P. 12(b).  As is the practice in this Court in

15  pro se prisoner civil rights cases, upon the filing of any motion to dismiss, the Court will

16  issue an order providing Plaintiff notice of his obligation to respond and establishing the

17  applicable briefing schedule.

18       Because Defendants' motion arguing that they cannot be sued for damages under

19  RLUIPA is no longer pending, Plaintiff's request for a stay until the Supreme Court

20  addresses that question is moot.  Plaintiff's motion will also be denied without prejudice.

21  **IT IS ORDERED:**

22       (1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to

23  Dismiss (Doc. 90) and Plaintiff's Motion for Deferment (Doc. 95).

24  _____

25       [2]The Court reviewed the allegations in the Second Amended Complaint and found that
    some exceeded the Ninth Circuit's Mandate and related to claims already adjudicated (Doc.
26  109).  Thus, those claims unrelated to the First Amendment and RLUIPA claims against
    Broderick and Mason were stricken (<u>id.</u>).  This court affirmed the Magistrate Judge's order,
27  so that plaintiff's Second Amended Complaint shall be read as alleging only one count
    against defendants Broderick and Mason for allegedly violating his First Amendment right
28  of free exercise of religion and his rights under RLUIPA (Doc 112).

1    (2) Defendants' Motion to Dismiss (Doc. 90) and Plaintiff's Motion for Deferment

2   (Doc. 95) are **denied** as moot.

3    DATED this 13th day of October, 2010.

Robert C. Broomfield
Senior United States District Judge

19   Copies to counsel and plaintiff, *pro se*