**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Barry Northcross Patterson, )
Plaintiff, )
vs. )
Charles L. Ryan, *et al.* )
Defendants. )

No. CIV-05-1159-PHX-RCB (MHB)

O R D E R

Currently pending before the court are two motions filed by plaintiff *pro se*, Barry Northcross Patterson: (1) a "Motion to Strike Defendants' []Amended Motion to Dismiss RLUIPA and Injunction Claims[]" (Doc. 121); and (2) a "Motion for Extension of Time" (Doc. 122).[1] For the reasons set forth below, the court DENIES both of these motions.

***Background***

Assuming familiarity with this protracted litigation, the

[1] The court is well aware that defendants have not yet filed responses to these motions. Such responses would not aid in the court's decisional process, however. Moreover, there is no prejudice to defendants in not allowing them to respond as these motions are being resolved in their favor.

court sets forth only the background essential to resolving the two motions identified above. On April 21, 2010, defendants Broderick and Mason filed a "Motion to Dismiss RLUIPA and Injunction Claims" (Doc. 90), which plaintiff opposed (Doc. 92). That motion was directed to plaintiff's first amended complaint ("FAC"). Prior to the resolution of that motion to dismiss, however, plaintiff was granted leave to and did file a Second Amended Complaint ("SAC").

Based upon the well-settled rule that "[a]n amended complaint supersedes the original complaint[,]" and "[a]fter amendment, the original pleading is treated as nonexistent[,]" this court held that defendants' motion to dismiss the FAC was "moot and . . . denied [it] without prejudice." Ord. (Doc. 113) at 3:11. Shortly thereafter, on October 27, 2010, defendants Broderick and Mason filed their "Amended Motion to Dismiss RLUIPA and Injunction Claims" (Doc. 115). Plaintiff is seeking to strike that motion, which he "believes is erroneously being accepted as a Motion to Dismiss his 2nd Amended Complaint." Mot. (Doc. 122). If the court denies his motion to strike, plaintiff is seeking additional time, beyond the current court ordered date of December 8, 2010, to respond to defendants' amended motion.

## ***Discussion***

Plaintiff is moving to strike[2] defendants' motion to dismiss

---

[2] At first glance, this motion appears to run afoul of LRCiv 7.2(m), which narrowly circumscribes when a motion to strike may be filed. In particular, that rule states:

> Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or *court order*.

because they did not seek a court order "allowing an Amended Motion[.]" Mot. (Doc. 121). Seemingly, plaintiff is operating under two misconceptions. The first is that because he had to seek leave to file an amended complaint, defendants also had to seek leave of court before filing their most recent motion to dismiss. The second related misconception is that because the court denied defendant's prior motion to dismiss, defendants also were required to seek a court order prior to filing the present motion. Plaintiff is wrong on both counts.

Even absent a court order, defendants were entitled (as they did) to file their pending motion to dismiss. Indeed, in its October 13, 2010, order denying as moot defendants' motion to dismiss the FAC, the court recognized the possibility that defendants would file a motion to dismiss the SAC. The court directed that "[i]f Defendants decide to move for dismissal of Plaintiff's [SAC] for any defense listed under Federal Rules of Civil Procedure 12(b), any such motion must be filed before a responsive pleading." Ord. (Doc. 113) at 3:12-14 (citation omitted). Defendants complied with that Order by filing their "Amended Motion to Dismiss RLUIPA and Injunction Claims."

To be sure, the SAC is not referenced in the title of defendants' motion. Indeed, there is no mention of any complaint in the title. But it is clear from even a quick perusal of defendants' motion that it is directed at the SAC. See, e.g., Mot. (Doc. 115) at 2:20; and at 2:24. Thus, despite plaintiff's

---

LRCiv 7.2(m) (emphasis added). It is possible, however, to construe plaintiff's motion as seeking to strike because defendants' amended motion violates a prior court order. Based upon that generous construction, the court will consider the merits of plaintiff's motion to strike.

contrary assertion, there is nothing "erroneous" about defendants filing a motion to dismiss the SAC. See Mot. (Doc. 122). Although defendants, for whatever reason, styled their motion as "amended," that does not change the fact that it is properly directed at certain claims in the SAC. Accordingly, there is no basis for striking defendants' "Amended Motion," and the court DENIES plaintiff's motion to do so (Doc. 121).

If the court, as it has, denies plaintiff's motion to strike, he is seeking "additional time" to file a "supplement" to his response to defendant's "Amended Motion to Dismiss." Mot. (Doc. 122). This motion can also be read as seeking additional time to respond to defendants "mooted and denied motion [to dismiss] [(Doc.)] . . . 90[.]" Id. The court denies this particular request as moot. Because, as plaintiff acknowledges, the court denied that earlier motion to dismiss, there is no need for him to file any further response as to that motion.

Turning to plaintiff's request to supplement his response to the pending motion to dismiss, plaintiff does not specify how much additional time he is seeking, nor why he needs such an extension. Regardless, the court sees no basis for granting plaintiff an extension of time.

After defendants filed their "Amended Motion to Dismiss," "[p]rior to receiving the required Notice and Warning from the Court, Plaintiff filed his response to Defendants' Motion (Doc. 116)." Ord. (Doc. 120) at 1:17-18. "On November 10, 2010, the Court, nonetheless, provided Plaintiff with a Notice and Warning stating that, 'if he has not already done so, Plaintiff must file a response – or supplement his response – to Defendants' Motion to

Dismiss no later than December 8, 2010' (Doc. 118)." Id. at 1:18-21. Plaintiff then sought "clarification of the Court's briefing schedule[.]" Id. at 1:22. Reiterating, "the Court instruct[ed] Plaintiff that if he so chooses . . . , he may file a supplement to his response to Defendants' 'Amended Motion to Dismiss' no later than December 8, 2010." Id. at 1:23-25.

Plaintiff has had ample opportunity and notice of the December 8, 2010, date for filing his supplemental response. He is not offering any reason, let alone a compelling one, for an extension of time. Therefore, the court abides by the prior order and DENIES plaintiff's motion for an extension of time (Doc. 122). Plaintiff must file a supplement to his response, if any, to defendants' "Amended Motion to Dismiss" no later than December 8, 2010.

Accordingly,

IT IS ORDERED that:

(1) plaintiff's "Motion to Strike Defendants' []Amended Motion to Dismiss RLUIPA and Injunction Claims of 10-27-10 []" (Doc. 121) is DENIED; and

(2) plaintiff's "Motion for Extension of Time" (Doc. 122) is DENIED.

DATED this 1st day of December, 2010.

Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*