WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry Northcross Patterson,       )<br>                                   )<br>            Plaintiff,             )<br>                                   )<br>      vs.                          )<br>                                   )<br>Charles L. Ryan, *et al.*,         )<br>                                   )<br>            Defendants.            )<br>_____) | No. CIV 05-1159-PHX-RCB<br><br>O R D E R |

    Presently before the court is a "Motion for Delay" (Doc. 131) filed by plaintiff *pro se* Barry Northcross Patterson on December 6, 2011. As the court construes this motion, plaintiff is seeking an indefinite delay of this litigation because on December 1, 2011, evidently he began a self-imposed hunger strike. See Mot. (Doc. 131) at 1. The only remaining defendants, Broderick and Mason, oppose an "indefinite stay[,]" but they do not "oppose a shorter, 30-day stay[.]" Resp. (Doc. 132) at 3:5-6. Further, defendants acquiesce in allowing plaintiff to "request (prior to the expiration of the initial 30-day stay) an additional period of time not to exceed 30 days if he shows that his physical and emotional condition has not

improved sufficiently for him to participate meaningfully in these proceedings." Id. at 3:7-10. Plaintiff did not file or serve a reply as LRCiv 7.2(d) allows.

Before deciding whether a stay is proper here, given plaintiff's stated intent to "stop eating & die[,]" unless he is allowed to "eat in peace in the prison system[,]" Mot. (Doc. 131) at 1, compels the court to reiterate, as it held in Patterson v. Ryan, 2011 WL 3799099 (D.Ariz. Aug. 26, 2011), that "[s]ince shortly after the filing of this lawsuit, plaintiff Patterson has been receiving the very kosher diet for which he request[ed] injunctive relief." Id. at *8. As plaintiff's motion indicates, and defendants' response corroborates, nonetheless, wholly of his own volition plaintiff is "persist[ing] with his hunger strike." See Resp. (Doc. 132) at 2:8. Further, evidently plaintiff's erratic eating behaviors have given rise to mental health concerns, which in turn, have led to a "complete medical/psychological review[]" of plaintiff "at the Baker Unit, a special medical ward that is staffed so as to be able to provide this kind of assessment." See id. at 2:14-16. The timing of that evaluation is uncertain, however. See id. at 2:16-18.

Based upon the foregoing circumstances, and because the defendants do not oppose it, the court finds that a stay is necessary here. A stay of these proceedings is necessary given what appears, even based upon the scant record before it, to be the possibility that plaintiff's physical and mental state may be compromised; and that his self-imposed hunger strike may be contributing to or causing plaintiff's current condition.

Accordingly, the court hereby:

(1) **GRANTS** plaintiff a stay, but only, as defendants agree, for **30 days** from the date of entry of this order; and

(2) **GRANTS** plaintiff the right to file a motion, prior to the expiration of the initial 30-day stay, for an additional stay not to exceed 30 days upon a showing that his physical and emotional condition has not improved sufficiently for him to participate meaningfully in these proceedings.

DATED this ___29th___ day of December, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

copies to counsel of record and plaintiff *pro se*