**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Barry Northcross Patterson,<br><br>        Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, *et al.*,<br><br>        Defendants. | No. CIV 05-1159-PHX-RCB<br><br>O R D E R |

On December 29, 2011, this court granted inmate plaintiff *pro se* Barry Northcross Patterson, a stay of this litigation, "but only, . . . , for **30 days** from the date of entry of th[at] order[.]" Ord. (Doc. 133) at 3:2-3, ¶ (1). The court had two bases for granting that limited stay. First, "even based upon the scant record before it," it appeared to the court that there was a "possibility that plaintiff's physical and mental state may be compromised[]" due to his "self-imposed hunger strike[.]" Id. at 2:25-27. Second, primarily for that reason, the remaining defendants, Broderick and Mason, did not oppose a 30 day stay. See id. at 1:23-26 (citation omitted). Thus, counting in accordance

with Fed.R.Civ.P. 6(a), that stay was effective until January 30, 2012.[1]

Additionally, this court granted plaintiff "the right to file a motion, *prior* to the expiration of the initial 30-day stay, for an additional stay not to exceed 30 days *upon a showing* that his physical and emotional condition has not improved sufficiently for him to participate meaningfully in these proceedings." Id. at 3:4-8, ¶ (2) (emphasis added). Plaintiff did not strictly comply with that court order. Rather, on January 12, 2012, he filed an "Update & Response" ("the Update") to that order. See Pl.'s Resp. (Doc. 134) at 1. Contradicting his initial professed need for a stay, in that Update plaintiff specifically "state[s][,]" among other things, "that he feels capable & willing to try to maintain his court obligations[.]" Pl.'s Resp. (Doc. 134) at 3. After consulting with the "prison facility for an update as to Patterson's emotional and physical status[,]" defendants requested that the court "lift the stay" and "set a new dispositive motion deadline of no sooner than 30 days after it enters its Order to that effect[.]" Defs'. Reply (Doc. 135) at 2:12-13.

Just as the court was preparing to file its order addressing plaintiff's "Update" and defendants' reply thereto, on February 2, 2012, plaintiff's "Motion to Continue or Reinstate Stay" was entered in the court's docket. See Pl's Mot. (Doc. 136) at 1.

---

[1] "[E]xclud[ing] the day of the event that triggers the period[,]" *i.e.*, December 29, 2011, and "count[ing] every day, including intermediate Saturdays, Sundays, and legal holidays[,]" means that that 30 day stay ended January 28, 2011. See Fed.R.Civ.P. 6(a)(A)& (B). However, because the last day of the period was a Saturday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed.R.Civ.P. 6(a)(C). Here, that means that the last such day was Monday, January 30, 2012.

-2-

1  The expiration on January 30, 2012, by its own terms, of this
2  court's 30 day stay renders moot plaintiff's motion to the extent
3  he is seeking a continuance of such stay.  There is still the
4  outstanding issue, however, of whether the court should, as
5  plaintiff seeks, reinstate that stay.  Plaintiff is not explicit as
6  to why he believes a further stay is necessary.  His motion can
7  fairly be read, however, as requesting a stay because of his self-
8  imposed 20 day "sever[e] reduc[tion] [in] caloric intake."  Id.

In any event, because the original 30 day stay has been lifted, to that extent plaintiff's pending motion seeks to reinstate that stay, such motion is properly before this court. Before ruling on that motion, however, the court will await defendants' response, if any.  In the interim, **any dispositive motions** which the parties desire to file **shall be filed no later than thirty (30) days from the date of entry of this order**. Responses and replies, if any, shall be filed in accordance with the applicable Federal Rules of Civil Procedure as well as the Local Rules of Civil Procedure for the District of Arizona.

DATED this 2nd day of February, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*