1   **WO**

2

3

4

5

6

7                IN THE UNITED STATES DISTRICT COURT

8                  FOR THE DISTRICT OF ARIZONA

9

10

11

12  Barry Northcross Patterson, )
                                )
13                Plaintiff,    )    No. CIV 05-1159-PHX-RCB
                                )
14          vs.                 )         O R D E R
                                )
15  Charles L. Ryan, et al.,    )
                                )
16                Defendants.   )
    _____)

17

18      On February 1, 2012, plaintiff *pro se* Barry Northcross

19  Patterson filed a "Motion to Continue or Reinstate [the]

20  Stay" (Doc. 136) granted by this court on December 29, 2011

21  (Doc. 133).  By its own terms, that stay expired on January

22  30, 2012.  Ord. (Doc. 138) at 3:1-3.  Thus, in its February

23  2, 2012, order, this court found plaintiff's motion for a

24  continuance to be moot.  Id.  At the same time though, the

25  court found that the issue of reinstatement was "still . . .

26  outstanding[.]" Id. at 3:3-4.

27      As this court allowed, defendants timely filed their

28  response to plaintiff's motion.  Defendants are seeking to

1   have this court "defer its ruling until . . . Patterson

2   supplements his Motion with additional information."  Defs.'

3   Resp. (Doc. 141) at 1:17-18.  Defendants' primary concern is

4   the inadequacy of the record in terms of being able to assess

5   "whether or not [a] stay . . . is still reasonably warranted

6   and, if it is, how long it should last."  Id. at 2:17-18.

7   Defendants point out the uncertainty surrounding plaintiff's

8   eating habits, and the purported increase in his mental

9   health score.  The latter "means that [plaintiff] *may* yet be

10  approved for a transfer to a medical facility[,]" but such a

11  transfer had "not occurred as of [the] writing[]" of

12  defendants' response.  Id. at 2:9-11 (emphasis added).

13      LRCiv 7.2(d) allows a moving party seven "days after

14  service of the responsive memorandum to file a reply

15  memorandum if that party so desires."  LRCiv 7.2(d).

16  Computing that time in accordance with Fed.R.Civ.P. 6 means

17  that plaintiff had until February 23, 2012 in which to file a

18  reply.  Plaintiff did not do so, however.

19      Arguably of more import is that recently plaintiff has

20  been refusing delivery of legal mail, Defs.' Resp., exh. A

21  thereto (Doc. 141-1), including a copy of this court's

22  February 2, 2012 order.  See Doc. 139.  Such refusal, among

23  other things, seriously calls into question whether plaintiff

24  intends to continue prosecuting this action.  The court

25  declines to speculate as to plaintiff's intent at this

26  juncture, however.

27      Instead, on the record as presently constituted, the

28  court finds that plaintiff has not established the need for

-2-

1  reinstatement of the previously ordered stay.  Consequently,

2  rather than deferring its ruling on that issue, as defendants

3  urge, this court hereby **ORDERS** that:

4       (1) Plaintiff's "Motion to Continue or Reinstate Stay"

5  (Doc. 136) is **DENIED** in its entirety; and

6       (2) the previously ordered time frame in which the

7  parties have to file **any dispositive motions** is *sua sponte*

8  *extended.*  Such motions, by any party, **shall be filed no**

9  **later than March 13, 2012.**  Responses and replies, if any,

10 shall be filed in accordance with the applicable Federal

11 Rules of Civil Procedure as well as the Local Rules of Civil

12 Procedure for the District of Arizona.

13       DATED this 27th day of February, 2012.

14

15

16  _____

    Robert C. Broomfield

17  Senior United States District Judge

18

19

20

21

22

23

24

25

26

27

28  Copies to counsel of record and plaintiff *pro se*

                              - 3 -