**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry Northcross Patterson,<br><br>               Plaintiff,<br><br>  vs.<br><br>Charles L. Ryan, et al.,<br><br>               Defendants. | No. CIV 05-1159-PHX-RCB<br><br>O R D E R |

    On February 1, 2012, plaintiff *pro se* Barry Northcross Patterson filed a "Motion to Continue or Reinstate [the] Stay" (Doc. 136) granted by this court on December 29, 2011 (Doc. 133). By its own terms, that stay expired on January 30, 2012. Ord. (Doc. 138) at 3:1-3. Thus, in its February 2, 2012, order, this court found plaintiff's motion for a continuance to be moot. Id. At the same time though, the court found that the issue of reinstatement was "still . . . outstanding[.]" Id. at 3:3-4.

    As this court allowed, defendants timely filed their response to plaintiff's motion. Defendants are seeking to

have this court "defer its ruling until . . . Patterson supplements his Motion with additional information." Defs.' Resp. (Doc. 141) at 1:17-18. Defendants' primary concern is the inadequacy of the record in terms of being able to assess "whether or not [a] stay . . . is still reasonably warranted and, if it is, how long it should last." Id. at 2:17-18. Defendants point out the uncertainty surrounding plaintiff's eating habits, and the purported increase in his mental health score. The latter "means that [plaintiff] *may* yet be approved for a transfer to a medical facility[,]" but such a transfer had "not occurred as of [the] writing[]" of defendants' response. Id. at 2:9-11 (emphasis added).

LRCiv 7.2(d) allows a moving party seven "days after service of the responsive memorandum to file a reply memorandum if that party so desires." LRCiv 7.2(d). Computing that time in accordance with Fed.R.Civ.P. 6 means that plaintiff had until February 23, 2012 in which to file a reply. Plaintiff did not do so, however.

Arguably of more import is that recently plaintiff has been refusing delivery of legal mail, Defs.' Resp., exh. A thereto (Doc. 141-1), including a copy of this court's February 2, 2012 order. See Doc. 139. Such refusal, among other things, seriously calls into question whether plaintiff intends to continue prosecuting this action. The court declines to speculate as to plaintiff's intent at this juncture, however.

Instead, on the record as presently constituted, the court finds that plaintiff has not established the need for

reinstatement of the previously ordered stay. Consequently, rather than deferring its ruling on that issue, as defendants urge, this court hereby **ORDERS** that:

(1) Plaintiff's "Motion to Continue or Reinstate Stay" (Doc. 136) is **DENIED** in its entirety; and

(2) the previously ordered time frame in which the parties have to file **any dispositive motions** is *sua sponte extended.* Such motions, by any party, **shall be filed no later than March 13, 2012.** Responses and replies, if any, shall be filed in accordance with the applicable Federal Rules of Civil Procedure as well as the Local Rules of Civil Procedure for the District of Arizona.

DATED this 27th day of February, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*