WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Barry Northcross Patterson,      )
                                 )
              Plaintiff,         )    No. CIV 05-1159-PHX-RCB (SPL)
                                 )
         vs.                     )         O R D E R
                                 )
Charles L. Ryan, *et al*.        )
                                 )
              Defendants.        )
_____)

     On March 13, 2012, defendants Broderick and Mason filed a
"Motion for Order to Show Cause," requesting "that the Court enter
[an] Order directing Plaintiff Patterson to show cause why this
case should not be dismissed based on his failure to prosecute
it[.]" Mot. (Doc. 144) at 2:14-15.  That defense motion was based
upon plaintiff's refusal of delivery of legal mail.  <u>See</u> Ord. (Doc.
148) at 1:23-24 (citations omitted).  On March 19, 2012, this court
ordered *pro se* plaintiff Patterson to file and serve within 14
"days of the date of entry of this order a response as to why the
court should not dismiss this action for failure to prosecute or to
comply with court orders pursuant to Federal Rule of Civil

1   Procedure 41(b)[.]" Id. at 2:12-15.  In so ordering, this court

2   reasoned:

3             This action has been pending nearly seven years.
          There is only one claim remaining.  Since December,
4         2011, as the record amply shows, the court and
          defendants have accommodated plaintiff with respect
5         to various issues he has been having with his physical
          and mental state – issues which *may* have been caused
6         by or attributable to his periodic self-imposed hunger
          strikes.

7

8   Id. at 2:1-6 (emphasis in original).  This court further reasoned:

9   "This most recent turn of events, where plaintiff is refusing

10  delivery of legal mail, . . . hence seriously call[s] into question

11  his intent to pursue this litigation[.]" Id. at 2:6-9.

12       Plaintiff's response, although timely, is, for the most part

13  non-responsive.  Plaintiff did indicate that he would be responding

14  to defendants' summary judgment also filed on March 13, 2012; and

15  he timely did that.  See Resp. (Doc. 151).

16       Despite the foregoing, the defendants assert that plaintiff's

17  "actions . . . are not entirely consistent with his words."  Reply

18  (Doc. 152) at 1:23-24.  Defendants fault plaintiff for not keeping

19  the court apprised of his changes in mailing addresses, although he

20  has been moved a number of times.  They further fault plaintiff for

21  refusing to accept "personal responsibility" for causing the

22  purported delay in delivery of legal mail, and for "selectively

23  accept[ing] delivery of his legal mail[.]"  See Reply (Doc. 152) at

24  2:2; and 2:17.  Additionally, defendants claim that plaintiff has

25  "needlessly expanded this litigation through his self-destructive

26  behaviors." Id. at 2:17-18.

27       As the record shows, since at least December, 2011, plaintiff

28  has engaged in self-imposed hunger strikes, evidently "tr[ying] to

1  exercise his right to die[.]" Resp. (Doc. 149) at 1, ¶ 5.

2  Defendants express concern that plaintiff has "never explicitly

3  stated that he intends to make every effort not to repeat [such]

4  self-destructive behaviors, Reply (Doc. 152) at 2:11-12, which

5  evidently necessitated plaintiff being placed "on 'suicide' watch"

6  as recently as February 15, 2012 - March 9, 2012.  See Resp. (Doc.

7  149) at 1, ¶ 3).  Such conduct, from defendants' standpoint,

8  "undermin[es] [plaintiff's] "asserted desire to pursue this

9  case[.]" Reply (Doc. 152) at 2:11.

10     Defendants acknowledge the possibility that the court may

11  conclude, that "dismissal is too severe a sanction for

12  [plaintiff's] temporary abandonment of this case[.]" Id. at 2:22-

13  23.  In that event, the defendants request that the court issue an

14  order "especially so as to impress upon [plaintiff] that it will

15  not condone these kinds of practices in the future."  Id. at 2:25-

16  26.

17     After seven years of litigation, only one aspect of this

18  action remains – plaintiff's claim that defendants violated his

19  free exercise rights under the First Amendment.  That narrow claim

20  is the subject of defendants' summary judgment motion filed March

21  13, 2012.  Given the plaintiff's timely response to that motion,

22  and the overall preference for resolution on the merits, this court

23  will not dismiss the present action for failure to prosecute.

24  Plaintiff's response sufficiently evinces his intent to pursue the

25  last remaining aspect of this litigation.  Further, the only

26  possible filing allowed, is a reply by defendants, if they so

27  desire.  Thus, regardless of plaintiff's conduct going forward, his

28  behavior cannot, and will not, deter the court from deeming this

1 matter "ready for decision without oral argument on the day
2 following the date set for filing a reply[.]" <u>See</u> Ord. (Doc. 148)
3 at 3:18-19.

4        Accordingly, for the reasons set forth above, the court hereby
5 **DENIES**, without prejudice, the Motion for an Order to Show Cause
6 filed by defendants Broderick and Mason (Doc. 144).

7        DATED this 17th day of April, 2012.

8
9
10 _____
11        Robert C. Broomfield
         Senior United States District Judge
12
13
14
15
16
17
18
19
20
21 Copies to counsel of record and *plaintiff pro se*
22
23
24
25
26
27
28