**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Barry Northcross Patterson,<br><br>          Plaintiff,<br><br>     vs.<br><br>Charles L. Ryan, *et al.*<br><br>          Defendants. | No. CIV 05-1159-PHX-RCB (SPL)<br><br>O R D E R |

On March 13, 2012, defendants Broderick and Mason filed a "Motion for Order to Show Cause," requesting "that the Court enter [an] Order directing Plaintiff Patterson to show cause why this case should not be dismissed based on his failure to prosecute it[.]" Mot. (Doc. 144) at 2:14-15.  That defense motion was based upon plaintiff's refusal of delivery of legal mail.  See Ord. (Doc. 148) at 1:23-24 (citations omitted).  On March 19, 2012, this court ordered *pro se* plaintiff Patterson to file and serve within 14 "days of the date of entry of this order a response as to why the court should not dismiss this action for failure to prosecute or to comply with court orders pursuant to Federal Rule of Civil

1 Procedure 41(b)[.]" Id. at 2:12-15.  In so ordering, this court
2 reasoned:

> This action has been pending nearly seven years.
> There is only one claim remaining.  Since December,
> 2011, as the record amply shows, the court and
> defendants have accommodated plaintiff with respect
> to various issues he has been having with his physical
> and mental state – issues which *may* have been caused
> by or attributable to his periodic self-imposed hunger
> strikes.

Id. at 2:1-6 (emphasis in original).  This court further reasoned: "This most recent turn of events, where plaintiff is refusing delivery of legal mail, . . . hence seriously call[s] into question his intent to pursue this litigation[.]" Id. at 2:6-9.

Plaintiff's response, although timely, is, for the most part non-responsive.  Plaintiff did indicate that he would be responding to defendants' summary judgment also filed on March 13, 2012; and he timely did that.  See Resp. (Doc. 151).

Despite the foregoing, the defendants assert that plaintiff's "actions . . . are not entirely consistent with his words." Reply (Doc. 152) at 1:23-24.  Defendants fault plaintiff for not keeping the court apprised of his changes in mailing addresses, although he has been moved a number of times.  They further fault plaintiff for refusing to accept "personal responsibility" for causing the purported delay in delivery of legal mail, and for "selectively accept[ing] delivery of his legal mail[.]"  See Reply (Doc. 152) at 2:2; and 2:17.  Additionally, defendants claim that plaintiff has "needlessly expanded this litigation through his self-destructive behaviors." Id. at 2:17-18.

As the record shows, since at least December, 2011, plaintiff has engaged in self-imposed hunger strikes, evidently "tr[ying] to

1  exercise his right to die[.]" Resp. (Doc. 149) at 1, ¶ 5.
2  Defendants express concern that plaintiff has "never explicitly
3  stated that he intends to make every effort not to repeat [such]
4  self-destructive behaviors, Reply (Doc. 152) at 2:11-12, which
5  evidently necessitated plaintiff being placed "on 'suicide' watch"
6  as recently as February 15, 2012 - March 9, 2012.  See Resp. (Doc.
7  149) at 1, ¶ 3).  Such conduct, from defendants' standpoint,
8  "undermin[es] [plaintiff's] "asserted desire to pursue this
9  case[.]" Reply (Doc. 152) at 2:11.

10       Defendants acknowledge the possibility that the court may
11  conclude, that "dismissal is too severe a sanction for
12  [plaintiff's] temporary abandonment of this case[.]" Id. at 2:22-
13  23.  In that event, the defendants request that the court issue an
14  order "especially so as to impress upon [plaintiff] that it will
15  not condone these kinds of practices in the future." Id. at 2:25-
16  26.

17       After seven years of litigation, only one aspect of this
18  action remains – plaintiff's claim that defendants violated his
19  free exercise rights under the First Amendment.  That narrow claim
20  is the subject of defendants' summary judgment motion filed March
21  13, 2012.  Given the plaintiff's timely response to that motion,
22  and the overall preference for resolution on the merits, this court
23  will not dismiss the present action for failure to prosecute.
24  Plaintiff's response sufficiently evinces his intent to pursue the
25  last remaining aspect of this litigation.  Further, the only
26  possible filing allowed, is a reply by defendants, if they so
27  desire.  Thus, regardless of plaintiff's conduct going forward, his
28  behavior cannot, and will not, deter the court from deeming this

1  matter "ready for decision without oral argument on the day
2  following the date set for filing a reply[.]" See Ord. (Doc. 148)
3  at 3:18-19.
4      Accordingly, for the reasons set forth above, the court hereby
5  **DENIES**, without prejudice, the Motion for an Order to Show Cause
6  filed by defendants Broderick and Mason (Doc. 144).
7      DATED this 17th day of April, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and *plaintiff pro se*

-4-